**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-04677

JOSHUA D. RODRIGUEZ GONZALEZ,

Plaintiff,

v.

JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES.

Defendants.

---

**COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF**

## I. INTRODUCTION

1. Plaintiff, JOSHUA DAVID RODRIGUEZ GONZALEZ, is a United States citizen residing in Lakewood, Colorado, in the United States of America.

2. Plaintiff filed a family-based immigration petition for alien relative, Form I-130, for his stepson N. M. F. Z.[1] ("Beneficiary"), with U.S. Citizenship and Immigration Services ("USCIS") on March 21, 2023.

3. Plaintiff's petition has been unreasonably and unlawfully delayed by Defendants. As a consequence, this Court has jurisdiction to order Defendants to adjudicate Plaintiff's pending Form I-130 petition, pursuant to 28 U.S.C. § 1361 (Mandamus Act) and 5 U.S.C. § 555 (Administrative Procedures Act).

4. Plaintiff's petition is a request for nondiscretionary relief for which Plaintiff has demonstrated his eligibility. As a consequence, this Court has jurisdiction to order Defendants to **approve** Plaintiff's pending Form I-130 petition, pursuant to 28 U.S.C. § 1361 (Mandamus Act) and 5 U.S.C. § 555 (Administrative Procedures Act).

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §1361 (mandamus action to compel an officer or employee of the U.S. or agency thereof to perform a duty owed Plaintiff), 28 U.S.C. § 2201 (a) (declaratory judgment), and 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides

[1] The minor's name has been redacted in this pleading and in the enclosed exhibits pursuant to privacy protections under Fed. R. Civ. P. 5.2(a)(3).

within the district of this Court and no real property is involved.

## III. PARTIES

7. Plaintiff is a resident of Colorado and a citizen of the United States of America. Plaintiff filed an immigrant petition for alien relative, Form I-130, with USCIS for his stepson N. M. F. Z. as the beneficiary.

8. Defendant JOSEPH B. EDLOW is the Director of the U.S. Citizenship and Immigration Services and is sued in his official capacity only. Defendant EDLOW is charged with the direction of the U.S. Citizenship and Immigration Services which is responsible for adjudicating immigration petitions.

9. Defendant MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity only. Defendant MULLIN is charged with the administration of the Department of Homeland Security, of which the U.S. Citizenship and Immigration Services is a component, and is responsible for adjudication of immigration petitions.

10. Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS") is the component of the U.S. Department of Homeland Security that adjudicates applications for adjustment of status and applications for advance parole. USCIS operates in this district at its field office located at 12484 East Weaver Place in Centennial, Colorado.

11. Defendants are all officers or employees of the United States or an agency thereof, responsible for the adjudication of petitions for alien relatives filed with Form I-130, under the Immigration and Nationality Act and implementing regulations. *See, e.g.,* 8

C.F.R. § 204.2.

## IV. STATEMENT OF FACTS

12. The subject petition was filed on March 21, 2023, and given receipt number IOE9236357704. A true and correct copy of the Receipt Notice letter from USCIS for this filing is attached as Exhibit A.

13. The subject petition has been pending for over 40 months. The normal processing time currently listed by USCIS for this type of case is 21.5 months. See Exhibit B for USCIS official processing times as of August 12, 2026.

14. On April 28, 2025, undersigned counsel filed a case inquiry with USCIS regarding the status of the Form I-130 petition. On May 16, 2025, USCIS responded stating that the petition was "awaiting review" and that nothing further was needed from Plaintiff with respect to the adjudication of the petition, but the Plaintiff could reach out again for further information if the petition was not yet adjudicated within 90 days. See Exhibit C.

15. On January 8, 2026, undersigned counsel filed another case inquiry with USCIS regarding the status of the Form I-130 petition. USCIS responded on February 21, 2026, stating that the agency was "still reviewing your case" but not providing any additional information. See Exhibit D.

16. On August 8, 2026, Plaintiff, through counsel, submitted another inquiry to USCIS regarding the status of the aforementioned Form I-130 petition. On August 8, 2026, USCIS sent an identical response as was sent to the prior inquiry, affirming that USCIS

was "still reviewing your case" but providing no additional information. See Exhibit E.

17. The prolonged delay in adjudication of Plaintiff's Form I-130 petition has created great stress on Plaintiff and his family. Beneficiary resides outside the United States and is unable to apply for an immigrant visa to reunite with Plaintiff, his stepfather, and his mother in the United States until the pending Form I-130 petition is approved. Further details are affirmed by Plaintiff in the enclosed declaration attached under Exhibit F.

18. Plaintiff submitted letters to USCIS from his stepson's child psychologist, the first on June 27, 2025, and the second on March 13, 2026, detailing the psychological and mental effects suffered by Plaintiff's stepson as a result of the prolonged separation from his family. These letters are attached to this complaint under Exhibits G and H.

19. 8 U.S.C. 1751 (b) affirms the Congressional intent that all immigration benefit applications should be processed within 180 days of initial filing.

20. USCIS has a mandatory, non-discretionary duty under federal law to adjudicate immigration petitions filed by U.S. citizens for their relatives. See INA 203(a), 204(a)(1)(A)-(D); see also USCIS Policy Manual, Vol. 1, Part E, Chap. 8(A) ("In these cases, if the requestor properly filed and meets the eligibility requirements then USCIS must approve the benefit request.")'; accord Wei Tan v. Gonzales, No. 07-cv-00133-MEH-MJW, 2007 WL 1576108, at *3 (D. Colo. May 30, 2007) ("Because the INA sets forth the standards under which the Attorney General may adjust an alien's status to permanent resident, it follows that neither the Attorney General nor USCIS can refuse to perform this task assigned by Congress.").

21. Plaintiff's stepson has been forced to wait outside the United States for years until his petition is adjudicated, well beyond the normal processing times published by USCIS, and without any clear explanation provided as to why.

22. USCIS previously granted a Form I-130 marriage-based immigrant petition filed by the Plaintiff for his wife, who is the mother of the beneficiary of the pending petition that is the subject of this complaint. See Exhibit I, the USCIS approval notice letter for the Form I-130 filed by Plaintiff for his wife, Irene Berenice Zubia Sanchez.

23. Plaintiff moves the court to take judicial notice pursuant to F.R.C.P. Rule 201(c)(2) of USCIS's prior approval of the Form I-130 petition for the beneficiary's mother in the IR1 category (spouses of U.S. citizens), USCIS's prior recognition of Plaintiff's U.S. citizenship as required for the adjudication of that petition, and USCIS's prior recognition of the validity of Plaintiff's marriage to the beneficiary's mother as required for the adjudication of the pending Form I-130 petition. See id.

24. Plaintiff moves the court to take judicial notice pursuant to F.R.C.P. Rule 201(c)(2) of the validity of the birth certificate of Plaintiff's stepson N. M. F. Z. including the identity of his mother, Plaintiff's wife Irene Berenice Zubia Sanchez. See Exhibit J.

## IV. CLAIMS FOR RELIEF

### Count I

### Mandamus Act – 28 U.S.C. § 1361

25. Defendants' failure to adjudicate Plaintiff's Form I-130 petition within a reasonable period of time, notwithstanding his clear right to relief and Defendants' clear duty to adjudicate the petition, entitles Plaintiff to petition this Court for a Writ of Mandamus pursuant to 28 U.S.C. § 1361.
26. Plaintiff seeks an order compelling Defendants to immediately adjudicate his Form I-130 petition pending with USCIS under receipt number IOE9236357704.
27. Further, in this case, the facts establishing Plaintiff's eligibility for the nondiscretionary benefit sought have been proven by a preponderance of the evidence, and this Court has sufficient evidence to order that the Defendants approve Plaintiff's pending Form I-130 petition.
28. Plaintiff seeks an order compelling Defendants to immediately approve his Form I-130 petition pending with USCIS under receipt number IOE9236357704.

**Count II**

**Administrative Procedures Act – 5 U.S.C. § 555**

29. Defendants' failure to adjudicate Plaintiff's Form I-130 petition within a reasonable period of time, notwithstanding his clear right to relief and Defendants' clear duty to adjudicate the application, entitles Plaintiff to petition this Court to compel Defendants to adjudicate Plaintiff's petition pursuant to 5 U.S.C. § 555.
30. In assessing claims that agency action has been unreasonably delayed under Section § 706(1) of the APA, courts consider the six guiding principles articulated in

Telecommunications Research & Action Center v. FCC (TRAC), 750 F.2d 70, 80 (D.C. Cir. 1984), to determine if the agency's delay is unreasonable: (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

31. 8 U.S.C. 1751 (b) affirms the Congressional intent that all immigration benefit applications should be processed by Defendants within 180 days of initial filing. The Plaintiff has been waiting nearly double the normal processing time currently published by USCIS itself for Form I-130 petitions for immediate relatives of U.S. citizens.

32. The delay in the processing of this immigration petition have unreasonably kept the Plaintiff from being able to live with his stepson for over three years.

33. The Defendants have a mandatory, nondiscretionary duty to adjudicate Plaintiff's petition.

34. Further, in this case, the facts establishing Plaintiff's eligibility for the nondiscretionary benefit sought have been proven by a preponderance of the evidence, and this Court has sufficient evidence to order that the Defendants approve Plaintiff's pending Form

I-130 petition.

35. Plaintiff seeks an order compelling Defendants to immediately approve his Form I-130 petition pending with USCIS under receipt number IOE9236357704.

**WHEREFORE, Plaintiff requests that this Court**:

36. Grant this petition and order Defendants to approve Plaintiff's pending Form I-130 petition immediately;
37. Grant attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority;
38. Grant such other and further relief as may be appropriate.

Respectfully submitted,

*/s/ Joseph Alain Moro*

Joseph Alain Moro

Colo. Bar No. 48740

MORO LEGAL, LLC

13918 E. Mississippi Ave.

Suite 60052

Aurora, CO 80012

(303) 586-1955

joseph@morolegal.com

Dated: September 22, 2026

*Counsel for Plaintiff*